UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

FILED
SCRANTON
AUG - 8 2014
PER_____
DEPUTY CLERK

KELVIN SUTTON,                    :
                                  :
    Plaintiff                     :
                                  :
v.                                : CIVIL NO. 3:CV-10-1899
                                  :
MARVA CERULLO, et al.,            : (Judge Kosik)
                                  :
    Defendants                    :

## MEMORANDUM

Plaintiff, Kelvin Sutton, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging claims of the denial of adequate medical care for a foot condition called "plantar fasciitis." Named as Defendants were several employees at the State Correctional Institution at Mahanoy (SCI-Mahanoy), Plaintiff's place of confinement when the incidents occurred, as well as medical professionals associated at the relevant time with Prison Health Services, Inc. ("PHS"), a contract provider of healthcare services to correctional facilities including SCI-Mahanoy. Following the resolution of motions to dismiss, the only remaining Defendant is Nelson Iannuzzi, CRNP.[1] Presently pending before the court are the following motions filed by

---

[1] Throughout these proceedings, Defendant's name has been spelled by the parties as "Ianuzzi," "Iannuzzi" and "Iannuzi." For the sake of consistency, the court will spell the name as "Iannuzzi" since this is the spelling used by Defendant when signing his name in Plaintiff's medical records. (Doc. 72-1.)

Plaintiff: a motion for the appointment of counsel (Doc. 80); a motion for temporary restraining order (Doc. 67); and a motion to compel discovery (Doc. 99). Also pending is Defendant's motion to depose Plaintiff (Doc. 94).

I.  **Background**

In his complaint, Plaintiff alleged that Defendants were deliberately indifferent and negligent to his plantar fasciitis condition from the time it was diagnosed on June 4, 2003, by Dr. K. Richard, an outside podiatrist.[2] He asserts that despite Defendants knowledge of his pain and serious medical needs, they arbitrarily denied, delayed and interfered with prescribed treatments ordered by doctors. As a result, he suffers from severe pain and was required to undergo back surgery in April of 2005.

On July 17, 2006, Plaintiff filed a grievance appeal with respect to a request for special/medical sneakers to address his medical condition. Shortly after reviewing his appeal, Defendant Cerullo ultimately upheld the denial of his grievance on the basis that his medical condition was not serious enough to warrant special/medical sneakers.

On October 4, 2006, Dr. Evans ordered that Plaintiff be allowed to order/ purchase from outside the prison sneakers/footwear specially designed to accommodate arch support insoles to alleviate the foot discomfort he was

---

[2] Plantar fasciitis is the irritation and/or swelling of the thick tissues on the bottom of the feet.

experiencing. Plaintiff believes that Defendant Neill later arbitrarily cancelled Evans' order.

On August 12, 2009, Plaintiff states that he was examined by Dr. G. Gustitus. Gustitus ordered (1) a consult with orthotics for custom F.O.S. to accommodate the deformity of Plaintiff's feet and to reduce shock and (2) a renewal of arch support insoles for six (6) months, noting that a deformity was present in Plaintiff's foot. On August 26, 2009, Plaintiff went to a medical appointment at SCI-Mahanoy to exchange and receive new arch support insoles from Ms. Albertson, a PHS employee. Defendant Iannuzzi entered the room and asked to see Plaintiff's old pair of insoles, which Plaintiff claims were visibly worn out. Iannuzzi questioned the authorization for such treatment, and did not agree that Plaintiff's current insoles looked worn out. Iannuzzi informed Plaintiff he would be required to wear the old insoles until Iannuzzi authorized new ones. Iannuzzi became verbally abusive when Plaintiff asked to speak with his supervisor.

On August 28, 2009, a prison nurse informed Plaintiff that Iannuzzi had ordered her to seize and destroy Plaintiff's prescribed arch support insoles. He was further told that Iannuzzi had discontinued the use of insoles. Plaintiff contends when Defendant Cerullo reviewed his grievance with regard to these matters, she refused to intervene to correct Iannuzzi's actions.

On January 22, 2010, Plaintiff states that he received orthotics and boots for his

3

plantar fasciitis condition. According to Plaintiff, this constituted a seven year delay between his diagnosis by Dr. Richard on June 4, 2003, and the date he finally received treatment for his condition. On March 1, 2010, he received Moldable Arch Support Gel insoles from prison medical department.[3]

Based on the foregoing, Plaintiff contends that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment. Specifically, he contends that Defendants denied, delayed and interfered with proper medical care for his plantar fasciitis by allowing the condition to progress and worsen causing him severe, unnecessary and irreparable harm, and requiring him to undergo back surgery. He also contends that Defendants were negligent in violation of Pennsylvania law. Plaintiff seeks declaratory, compensatory and punitive relief. He further seeks injunctive relief in the form of a court-ordered independent physical examination, treatment for his condition and the reinstatement of Dr. Evans' order permitting him to purchase specially designed footwear from outside the institution.

On August 30, 2011, a motion to dismiss filed by Defendants Cerullo and Chipriano was granted and they were dismissed from this action.[4] (Doc. 54.) On

---

[3] Other additional allegations in the complaint will not be set forth in that they do not involve Defendant Iannuzzi and are alleged against Defendants who have been dismissed from this action.

[4] Cerullo and Chipriano were dismissed on the basis of respondeat superior and the lack of personal involvement since Plaintiff was being treated by medical professionals.

4

March 12, 2012, a motion to dismiss filed by Defendants Modery and Neill was also granted.[5] (Doc. 59.)

On September 24, 2013, a motion to dismiss filed by Defendants Lisiak and Iannuzzi was granted in part and denied in part. (Doc. 63.) Lisiak was dismissed from this action due to Plaintiff's failure to exhaust the claims against Lisiak and, in the alternative, the lack of personal involvement on Lisiak's behalf in Plaintiff's medical care and treatment. With respect to Defendant Iannuzzi, the court found that any claims set forth against him with respect to incidents occurring prior to September of 2008 were barred by the statute of limitations. However, the claims raised against Iannuzzi with respect to the incidents occurring on August 26, 2009 and August 28, 2009 were timely and would be addressed.

In addressing these two alleged incidents of inadequate medical care, the court was not willing, at that point, to find that Plaintiff's medical condition was not sufficiently serious for purposes of an Eighth Amendment claim, or that Plaintiff alleged mere disagreement with the treatment he was receiving or negligence on the part of Iannuzzi. (Id. at 13-14.) As such, these claims were permitted to proceed.

On October 10, 2013, Plaintiff filed the motion for temporary restraining order that is currently pending. The motion is fully briefed. On November 13, 2013,

---

[5] Defendants' motion to dismiss was granted on the basis of Plaintiff's failure to exhaust his available administrative remedies pursuant to 42 U.S.C. § 1997e(a).

Iannuzzi filed his answer to the complaint. (Doc. 73.) On December 11, 2013, Plaintiff filed the pending motion for counsel. (Doc. 80.) Although a formal scheduling order with respect to discovery was never issued, a review of the docket reveals that the parties began engaging in discovery.[6] On May 7, 2014, Iannuzzi filed the pending motion to depose Plaintiff (Doc. 94). On July 29, 2014, Plaintiff filed a motion to compel discovery. (Doc. 99.) The motion to compel is not yet ripe.

**II. Discussion**

    **A.   Motion for counsel**

Plaintiff seeks the appointment of counsel in this matter. (Doc. 80.) In fact, in reviewing Plaintiff's documents filed in support of his request, it appears that he actually submitted a second request for counsel on May 28, 2014 (Doc. 97), that was docketed as an affidavit in support of his earlier motion. For the reasons that follow, Plaintiff's request for counsel will be denied without prejudice at this juncture of the proceedings.

Plaintiff argues that counsel is warranted because he is indigent, he is limited by his imprisonment, access to the law library is limited, the issues involved are complex, and because he is ignorant of the law. He further claims that Defendant

---

[6] On January 9, 2014, Plaintiff filed a Request for Admissions (Doc. 83) and on January 31, 2014 Iannuzzi filed objections thereto (Doc. 85). It also appears that Plaintiff filed two requests for the production of documents (Doc. Nos. 86, 88) and a second request for admissions (Doc. 87). Iannuzzi has filed objections to the second set of requests for admissions. (Doc. 89.)

Iannuzzi has objected to his discovery requests, Iannuzzi wants to depose him, he will need assistance with trial preparation, and that he has been unsuccessful in securing representation on his own. (Docs. 80, 97.)

It is a well-established principle that prisoners have no constitutional or statutory right to appointment of counsel in a civil case. Parham v. Johnson, 126 F.3d 454, 456-57 (3d Cir. 1997). Yet, district courts have broad discretionary power to appoint counsel under 28 U.S.C. § 1915. Montgomery v. Pichak, 294 F.3d 492, 499 (3d Cir. 2002), citing Tabron v. Grace, 6 F.3d 147, 153 (3d Cir. 1993); Ray v. Robinson, 640 F.2d 474, 477 (3d Cir. 1981). The United States Court of Appeals for the Third Circuit has stated that the appointment of counsel for an indigent litigant should be made when circumstances "indicate the likelihood of substantial prejudice to him resulting, for example, from his probable inability without such assistance to present the facts and legal issues to the court in a complex but arguably meritorious case." Smith-Bey v. Petsock, 741 F.2d 22, 26 (3d Cir. 1984).

The initial determination to be made by the court in evaluating the expenditure of the "precious commodity" of volunteer counsel is whether the plaintiff's case "has some arguable merit in fact and law." Montgomery, 294 F.3d at 499. All Defendants with the exception of Defendant Iannuzzi have been dismissed from this action. A motion to dismiss filed by Iannuzzi has been granted in part and denied. However, even assuming the case has some merit, a weighing of the other pertinent factors play

7

into the determination as to whether counsel should be appointed. Those factors are:

> 1. The plaintiff's ability to present his or her own case;
>
> 2. The difficulty of the particular legal issues;
>
> 3. The degree to which factual investigation will be necessary and the ability of the plaintiff to pursue the investigation;
>
> 4. The plaintiff's capacity to retain counsel on his or her own behalf;
>
> 5. The extent to which a case is likely to turn on credibility determinations; and,
>
> 6. Whether the case will require testimony from expert witnesses. Montgomery, 294 F.3d at 499, citing Tabron, 6 F.3d at 155-57.

Thus far, Plaintiff has demonstrated his ability to litigate this action on his own. He has drafted motions, as well as responded to motions filed by Defendants, and has submitted discovery requests. His filings are both literate and comprehensible, and cite to legal authority. Although he states that his access to the law library is limited, he admits to at least approximately 6 hours a week in the law library. His filings demonstrate that he at least has some access to and utilizes legal research materials. Moreover, the remaining issues in this case are not overly complicated. Only two Eighth Amendment medical care claims remain against one Defendant.

While in his requests for counsel Plaintiff expresses concern that his case will require testimony, and that an experienced attorney is better equipped to handle trial preparation and strategy, any such concerns are premature at this stage of the

proceedings. At the present time, discovery is taking place. Although Plaintiff states that Defendant has objected to his discovery requests, Plaintiff presently has pending before the court a motion to compel discovery which will resolve any discovery disputes. Moreover, Plaintiff is fully capable of being deposed without counsel and is able to respond to the questions posed by defense counsel. For all of these reasons, the motions for appointment of counsel (Docs. 80, 97) will be denied without prejudice at this time. Should future proceedings demonstrate the need for counsel, the matter can be reconsidered, either sua sponte or upon a motion properly filed.

**B.      Motion for temporary restraining order**

Plaintiff also moves for a temporary restraining order/injunction against Defendant Iannuzzi to prevent him from having any physical contact with Plaintiff, his medical care and treatment, and his records and files. He further seeks to prohibit Iannuzzi from communicating with him in any way, as well as interfering with his medical treatment and/or influencing any other staff members with respect to his medical treatment. He claims that Iannuzzi has the ability to employ strategies against him, "manufacture/craft whatever he sees fit as related to Plaintiff's Medical Records/Files", maybe "deploy fraud" and "maybe commit a Federal Health Care Offense." (Doc. 67 at 1.) He seeks to prevent any wrongful acts and any potential wrongful acts. (Id. at 2.) He claims that unless injunctive relief is issued, irreparable injury will not be prevented.

An injunction is an "extraordinary remedy" that is never awarded as of right. Winter v. Natural Resources Defense Council, ___ U.S. ___, 129 S.Ct. 365, 375, 172 L.Ed.2d 249 (2008). The Third Circuit has outlined four requirements that a court ruling on a motion for a preliminary injunction must consider: (1) whether there is a reasonable probability of success on the merits; (2) whether irreparable injury will result without injunctive relief; (3) whether granting the injunction will result in even greater harm to the nonmovant; and (4) whether granting the injunction is in the public interest. Rogers v. Corbett, 468 F.3d 188, 192 (3d Cir. 2006); Crissman v. Dover Downs Entertainment Inc., 239 F.3d 357, 364 (3d Cir. 2001). The movant bears the burden of establishing these elements. Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Chamberlain, 145 F. Supp.2d 621, 625 (M.D. Pa. 2001). While each factor need not be established beyond a reasonable doubt, they must combine to show the immediate necessity of injunctive relief. See Stilp v. Contino, No. 1:09-cv-0524, 2009 WL 1842087 at *4 (M.D. Pa. June 29, 2009) citing Swartzwelder v. McNeilly, 297 F.3d 228, 234 (3d Cir. 2002). If the movant fails to carry his burden on either the element of likelihood of success on the merits or irreparable harm, the motion should be denied. See Hohe v. Casey, 868 F.2d 69, 72 (3d Cir. 1989).

To establish a reasonable probability of success on the merits, the moving party must produce sufficient evidence to satisfy the essential elements of the underlying cause of action. See Punnett v. Carter, 621 F.2d 578, 582-83 (3d Cir. 1980);

McCahon v. Pa. Tpk. Comm'n, 491 F.Supp.2d 522, 527 (M.D. Pa. 2007). In determining whether success is likely, the court must look to the legal principles controlling the claim and the potential defenses available to the opposing party. See BP Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 264 (3d Cir. 2000).

It is not clear at this point that success on the merits of Plaintiff's Eighth Amendment claims are likely. Defendant maintains that Plaintiff merely disagreed with medical decisions that were made with respect to his treatment. Moreover, there exists the issue of whether Plaintiff was continuously provided with custom fit orthotic inserts for his shoes, even though he was not provided with arch support insoles. Defendants also point to the existence of medical records supporting valid reasons for Iannuzzi's denial of the insoles. (Doc. 72, Ex. A.)

Other than speculating as to the possible scenarios where he could possibly be injured by Iannuzzi, Plaintiff fails to demonstrate any irreparable injury he will suffer which cannot be redressed by a legal or equitable remedy. He merely asserts bald, unsupported theories.[7] Further, it appears that he continues to receive ongoing treatment for his condition. For these reasons, his motion for injunctive relief will be denied.

---

[7] Although Plaintiff submits what he labels as "Offer of Proff (sic) for TRO" (Doc. 70), the exhibits he attaches fail to demonstrate that he is suffering irreparable injury at the hands of Defendant Iannuzzi. Several of the exhibits do not refer to Iannuzzi or any actions taken by Iannuzzi. The medical record entries that are made by Iannuzzi merely reflect his examination and/or treatment notes. (Id. at 6, 7.)

11

### C. Discovery issues

Following the court's ruling on Defendant Iannuzzi's motion to dismiss, Iannuzzi filed his answer to the claims proceeding against him on November 13, 2013. (Doc. 73.) Although a case management order was not issued, the parties began to engage in discovery soon thereafter. Plaintiff has served two sets of Requests for Admissions and two sets of Requests for the Production of Documents on Defendant. Defendant has responded and/or objected thereto. Defendant has also filed a motion seeking leave to depose Plaintiff. (Doc. 94.) This motion will be granted.

Also pending is Plaintiff's recent motion to compel discovery (Doc. 99) filed on July 29, 2014. In this motion, Plaintiff seeks to compel Defendant to produce the documents he requested in his First Request for the Production of Documents served on or about February 6, 2014. (Doc. 99.) Defendant filed his opposition to this motion on August 7, 2014. The motion is not yet ripe in that Plaintiff has fourteen (14) days within which to file a reply brief. Although no formal scheduling order was issued in this action, Middle District of Pennsylvania Local Rule 26.4 provides that in the absence of a discovery deadline, each party to a civil action shall complete all discovery proceedings within six (6) months of the date of the last pleading filed by that party. See M.D. Pa. L.R. 26.4. With this said, the time period for conducting discovery is technically closed, however because

Defendant filed his request to depose Plaintiff prior to the expiration of six (6) months from when he filed his answer, discovery will remain open for the sole purposes of allowing Defendant to depose Plaintiff, as well as addressing Plaintiff's motion to compel once it becomes ripe. No further discovery will be permitted absent an order from this court. A dispositive motions deadline will be imposed following Plaintiff's deposition and the resolution of the motion to compel. An appropriate order follows.