UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

KELVIN SUTTON,                                  :
                                                :
       Plaintiff                                :
                                                :
   v.                                           : CIVIL NO. 3:CV-10-1899
                                                :
MARVA CERULLO, et al.,                          : (Judge Kosik)
                                                :
       Defendants                               :

**MEMORANDUM**

Presently pending in this civil rights action filed pursuant to 42 U.S.C. § 1983 is a motion filed by Plaintiff, Kelvin Sutton, to alter or amend this court's decision of February 19, 2015 (Doc. 118). For the reasons that follow, the motion will be denied.

**I.   Background**

The only remaining Defendant in this action is Nelson Iannuzzi, CRNP, at the time an employee of Prison Health Services, Inc. Plaintiff contends that Defendant was deliberately indifferent to his "plantar fasciitis" foot condition. On February 19, 2015, the court issued a Memorandum addressing motions to compel discovery and to enlarge the discovery period that had been filed by Plaintiff. Both motions were denied, and the parties were directed to file any dispositive motions within twenty

(20) days.[1]  (Doc. 114.)

In denying Plaintiff's motion to compel, the court found that the responses provided to discovery requests by Defendant were either adequate and responsive, or that the objections raised were valid.  Plaintiff now seeks reconsideration of this holding.  In doing so, he argues that he has been denied the ability to participate in the discovery process and wants to extend discovery to request Interrogatories from Defendant and submit a shorter Request for the Production of Documents.  (Doc. 118.)

## II.    Discussion

A motion for reconsideration is a device of limited utility.  Its purpose is to correct manifest errors of law or fact or to present newly discovered evidence. Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985).  Accordingly, a party seeking reconsideration must demonstrate at least one of the following grounds prior to the court altering, or amending, a standing judgment: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court entered judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice.  Max's Seafood Café v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999)(citing North River Ins. Co. v. CIGNA Reinsurance Co.,

---

[1] A motion to enlarge this deadline filed by Defendant was granted on March 3, 2015.  (Doc. 117.)  Any dispositive motions are now due on or before April 10, 2015.

2

52 F.3d 1194, 1218 (3d Cir. 1995)).  A motion for reconsideration is appropriate in instances where the court has "patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension."  Rohrbach v. AT&T Nassau Metals Corp., 902 F. Supp. 523, 527 (M.D. Pa. 1995), vacated in part on other grounds on reconsideration, 915 F. Supp. 712 (M.D. Pa. 1996)(quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).  It may not be used as a means to reargue unsuccessful theories, or argue new facts or issues that were not presented to the court in the context of the matter previously decided.  Drysdale v. Woerth, 153 F. Supp.2d 678, 682 (E.D. Pa. 2001).  "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly."  Continental Cas. Co. v. Diversified Indus., Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

In the instant case, Plaintiff fails to demonstrate any of the applicable grounds for reconsideration.  In his motion, he has not set forth an intervening change in law, presented new evidence, or argued the existence of a clear error of law or fact.  Rather, he merely argues that he has not been afforded the opportunity to conduct discovery in this action.  This argument is clearly undermined by the record.  He has submitted discovery requests to Defendant and is dissatisfied with the responses he received.  His challenges to those responses were thoroughly addressed in the

Memorandum of February 19, 2015.  Plaintiff fails to advance any proper grounds for altering the court's decision.  As such, his motion for reconsideration will be denied.  In addition, the Clerk of Court will be directed to strike as premature and return to Plaintiff the "Witness List " for use at trial filed on March 27, 2015 (Doc. 120).  An appropriate order follows.