UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA


KELVIN SUTTON,                          :
                                        :
            Plaintiff,                  :
                                        :
      v.                                :        CIVIL NO. 3:10-CV-1899
                                        :
MARVA CERULLO, et al.,                  :        (Judge Kosik)
                                        :
            Defendants.                 :


**MEMORANDUM**

      Presently pending in this civil rights action filed pursuant to 42 U.S.C. § 1983

is a motion filed by Plaintiff Kelvin Sutton seeking relief from the court's decision of

April 8, 2016 pursuant to Fed. R. Civ. P. 60(b)(3) and (6).  (Doc. 139).  For the

reasons that follow, the motion will be denied.

I.    **Background**

      On April 8, 2016, the court issued a Memorandum and Order in the above

matter addressing a motion for summary judgment filed by the only remaining

defendant in this action, Nelson Iannuzzi, CRNP.  The motion was granted (Docs.

137, 139) and Plaintiff now seeks relief from that judgment.  The relevant

background is as follows.  Two claims remained in this action against Defendant

Iannuzzi.  Both of these claims survived a motion to dismiss.  Plaintiff asserts that on

August 26, 2009, he attended a medical appointment at SCI-Mahanoy to exchange and receive new arch support insoles.  While there, he states that Iannuzzi entered the room, questioned him as to who authorized the order for the new insoles, and told him that he did not believe his current insoles were worn out.  Iannuzzi told Plaintiff he would have to wear the current insoles until new ones were authorized.  The second claim arose on August 28, 2009, when Iannuzzi is alleged to have had a nurse confiscate and destroy Plaintiff's prescribed insoles.  According to Plaintiff, he was informed by the nurse that Iannuzzi had discontinued the use of insoles.

Iannuzzi filed a motion for summary judgment with respect to the remaining claims against him.  Plaintiff alleged that Iannuzzi was both deliberately indifferent and negligent.  A Memorandum and Order were issued by the court on April 8, 2016, wherein the court found that the undisputed record supported Iannuzzi's motion for summary judgment on both the deliberate indifference and negligence claims.  A review of said Memorandum sets forth all of the undisputed facts and the court's reasoning for the decision reached.

Plaintiff has filed a motion under Fed. R. Civ. P. 60(b) which addresses the grounds for relief from a final judgment, order, or proceeding.  In particular, Plaintiff relies on subsections (3) and (6).  Fed. R. Civ. P. 60(b)(3) allows relief where fraud has occurred.  Fed. R. Civ. P. 60(b)(6) allows relief under Rule 60 for "any other

reason that justifies relief" that is not set forth in the Rule.  It acts as a "catch-all" provision.  Plaintiff alleges that a fraud occurred in this case because Defendant engaged in "Tricknology." (Doc. 139 at 1.)  According to Plaintiff, Defendant Iannuzzi overrode a written order of Dr. Gustitus for arch support insoles and improperly had the insoles later confiscated and destroyed.  Plaintiff claims that Defendant omitted facts from his motion, and persuaded the court with self-serving affidavits and statements.  (Id. at 2.)  Plaintiff states that K. Paul Flanigan may be a podiatry expert, but that he never examined him and should not have been permitted to submit a position in this case.  Plaintiff further contests the fact that Flanigan was not from Pennsylvania. The majority of Plaintiff's motion is devoted to rearguing the case and disagreeing with both Defendant and the findings of the court.

Plaintiff states in his motion that Defendant only discontinued part of Gustitus' order, but failed to mention this fact.  According to Plaintiff, this amounts to fraud. He further maintains that the confiscated insoles had an expiration date of July 10, 2009, and that Gustitus actually confirmed on August 12, 2009 that Plaintiff had plantar facsiitis when he wrote this in his consultation record.  He refers the court to Part B of Exhibit A, which he attaches to his motion.  Plaintiff also disputes that he had other health care devices in place on the date the insoles were confiscated. (Id. at 3.)

In the motion for relief, Plaintiff claims that Defendant covered up his "bad acts" by creating his own paper trail/progress note entries. (Id.)  According to Plaintiff, Defendant was not suppose to be there when he picked up his replacement insoles and had never been present in the past when he arrived to do so.  Also submitted for the court's review is Exhibit F, a handwritten copy from Plaintiff's medical record of an item receipt dated 10/1/08.  Plaintiff states that this document represents a six (6) month order for insoles not to expire until 3/18/09.

Plaintiff also points out that although he was originally diagnosed with plantar fasciitis on August 4, 1999, by Dr. Kathleen Richard, Podiatrist (Exhibit G, Part B), that neither the Defendant nor Dr. Flanigan pointed this out in the undisputed facts.  As far as the Certificate of Merit, it is Plaintiff's position that he was tricked into filing what he did and stating that he did not require expert testimony.  (Id. at 4.)  He claims that he has made mistakes and is unlettered in the law, but blames Defendant and his lack of training in the orthopedic/podiatric field.

## II.    Motion for Relief from Judgment Standard

A motion for reargument/reconsideration may be filed pursuant to Federal Rule of Civil Procedure 59(e) or Federal Rule of Civil Procedure 60(b).  A motion for reconsideration filed pursuant to Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances

4

including fraud, mistake, and newly discovered evidence." Gonzalez v. Crosby, 545 U.S. 524, 528 (2005). Rule 60(b) provides grounds for relief from a judgment, an order, or other part of the record. Specifically, in order to prevail on a Rule 60(b) motion, the moving party must establish mistake, inadvertence, surprise or excusable neglect; newly discovered evidence; fraud or other misconduct; that the judgment is void; that the judgment was satisfied; or any other reason that justifies relief. Fed. R. Civ. P. 60(b)(10-(6); see also Frazier v. City of Philadelphia, No. 14-0756, 2015 WL 1383100 (E.D. Pa. Mar. 24, 2015); Hardwick v. Warden, Civ. No. 12-1254, 2016 WL 4265727, at *1 (D. Del. Aug. 8, 2016).

While the court is mindful of its obligation to construe a pro se litigant's pleadings liberally, Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011); Capogrosso v. The Supreme Court of New Jersey, 588 F.3d 180, 184 n. 1 (3d Cir. 2009); Haines v. Kerner, 404 U.S. 519, 520-21 (1972), Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances. Pierce Assoc. Inc. v. Nemours Found, 865 F.2d 530, 548 (3d Cir. 1988); see also Hardwick, 2016 WL 4265727 at *1.

The motion must be "made within a reasonable time" and if the motion is based on reasons (1),(2), or (3), then "no more than a year after the entry of the judgment." Fed. R. Civ. P. 60( c). Moreover, the "party moving under Rule 60(b) for relief from

a judgment or order must clearly establish the grounds therefor to the satisfaction of the district court." Talley v. City of Atlantic City, 2007 WL 2021792 at *3 (D.N.J. Jul. 10, 2007); see also Federal Deposit Ins. Corp. v. Alker, 234 F.2d 113, 116-17 (3d Cir. 1956). Relief from a judgment under Rule 60 should be granted only in extraordinary circumstances, and a Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided. Brambles USA Inc. v. Blocker, 735 F. Supp. 1239, 1240 (D. Del. 1990). It is also well recognized that motions under Rule 60(b) "may not generally substitute for an appeal." Harris v. Martin, 834 F.2d 361, 364 (3d Cir. 1987) (citing Marshall v. Bd. of Education of Bergenfield, NJ, 575 F.2d 417, 424 (3d Cir. 1978)); see also Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978). Relief under Rule 60(b) is available only under such circumstances that the "'overriding interest in the finality and repose of judgments may properly be overcome.'" Martinez-McBean v. Gov't of the Virgin Islands, 562 F.2d 908, 913 (3d Cir. 1977)(quoting Mayberry v. Maroney, 558 F.2d 1159, 1164 (3d Cir. 1977)).

## III.   Discussion

In the instant case, it is clear that Plaintiff is moving for relief pursuant to Rule 60(b). Not only does he cite to Rule 60(b), but he lists the specific sections under which he files his motion and attempts to cite instances which meet those sections. In

6

particular, Plaintiff specifically seeks relief under Rule 60(b)(3) claiming fraud due to "tricknology and by design on the part of Defendant." (Doc. 139 at 1.)  He also argues that he is entitled to relief based upon the catch-all provision of the Rule - subsection (6) - that allows relief under Rule 60(b) for "any other reason that justifies relief."  Because Plaintiff moves for Rule 60(b) relief after the entry of summary judgment against him, his case is sufficiently "final" for the purpose of moving for relief under Rule 60(b).  Moreover, the summary judgment order he challenges was entered on April 8, 2016, and he filed the instant motion on May 10, 2016, so it is clearly timely.  The court rejects any notion by Defendant that the motion should be deemed withdrawn for failure to file a supporting brief.  Plaintiff's motion is textual enough to be construed by the court as both a motion and a brief in support thereof. Equally true, however, is the fact that Defendant will not be held responsible for not opposing the motion in a timely fashion in that the court never issued a formal order construing Plaintiff's filing to be a combined motion and brief.

The court will first deal with the allegations of fraud.  Rule 60(b)(3) provides relief from a final judgment where there has been "fraud ... misrepresentation, or other misconduct of an opposing party."  In order to prevail under Rule 60(b)(3), the moving party must "establish that the adverse party engaged in fraud or other misconduct, and that this conduct prevented the moving party from fully and fairly

7

presenting his case." <u>Stridiron v. Stridiron</u>, 698 F.2d 204, 207 (3d Cir. 1982).  What this does not mean is that a plaintiff who fails to convince a judge or jury is later entitled to relief under the Rule on the basis of fraud.  The fraud in Rule 60(b)(3) involves unfair litigation tactics, occurring after the litigation has commenced and before judgment, that is aimed at subverting the litigation process itself.

In the instant case, Plaintiff has failed to establish that Defendant committed any misconduct that would have changed the outcome in the instant proceeding. Every document submitted on summary judgment by Defendant Iannuzzi was open to contradiction by Plaintiff in opposing the motion.  What Plaintiff cannot do is reargue a position that has been considered and rejected by the court or bring forth arguments now that were clearly known and available to him then.  He rehashes his arguments in opposition to summary judgment throughout the Rule 60(b) motion.  This also is not a proper basis for filing the instant motion.  While Plaintiff may not be happy with the result, he cannot allege fraud on Defendant's or counsel for Defendant's part because he did not adequately oppose the materials submitted by Defendant in support of the motion for summary judgment.  While Plaintiff challenges the exhibits submitted by Defendant in support of his motion and the expert he hired, this is not a proven allegation of fraud on the part of Defendant.  It is merely Plaintiff's dissatisfaction with Defendant and how he litigated his case.  Plaintiff fails to point to any

"misconduct" on the part of Defendant.  Any "facts" that Plaintiff claims Defendant

"failed to mention" (Doc. 139 at 2) were up to Plaintiff to bring forth and support

when controverting the motion.  Plaintiff has not shown any fraud committed by

Defendant in the instant case.  Moreover, the fact that Plaintiff considers himself". . .

a meager laymen, unlettered in the Arts and Sciences of the Law, (a student of

Pennsylvania Law)...who admittedly made mistakes . . .", is not fraud committed by

Defendant or a reason to justify Rule 60(b) relief.  (Id. at 4.)  While Plaintiff invites

the court to appoint an independent expert to examine the medical records in this case

and Plaintiff's condition, the court declines the invitation to do so.

Plaintiff also attempts to rely on Rule 60(b)(6) in his attempt to seek relief from

the judgment.  Under subsection (b)(6), a court has the power to vacate or stay its

previous orders for "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).

This section allows the court to remedy unforeseen injustices not addressed by the

other subsections of Rule 60.  Relief of this type is granted sparingly since vacating

and granting relief from final judgments impairs the judicial system's compelling

need for finality in litigation.  Rastelli Bros., Inc. v. Netherlands Ins. Co., 68

F.Supp.2d 451, 453 (D.N.J. 1999).  As such, Rule 60(b)(6) should only be invoked in

the most "extraordinary circumstances, where, without such relief, an extreme and

unexpected hardship would occur." Rastelli, 68 F.Supp.2d at 453, (quoting Sawka v.

Healtheast, Inc., 989 F.2d 138, 140 (3d Cir. 1993)).  The extraordinary circumstances

that would warrant such relief were discussed in Klapprott v. United States, 335 U.S.

601 (1949).  In Klapprott, the Supreme Court granted relief from default judgment

under Rule 60(b)(6) when a

> citizen was stripped of his citizenship by his Government,
> without evidence, a hearing, or the benefit of counsel, at a
> time when his Government was then holding the citizen in
> jail with no reasonable opportunity for him effectively to
> defend his right to citizenship.

Id. at 615.  In examining the instant case in light of the foregoing principles, it is clear

that Plaintiff fails to demonstrate the necessary extraordinary circumstances in this

matter.  Plaintiff was not unable to respond to Defendant's arguments in the instant

matter.  Although he lost on summary judgment, he was not subjected to any

extraordinarily circumstances as was the petitioner in Klapprott.  Once again, Plaintiff

reargues his case, and sets forth the law pertinent to addressing an Eighth Amendment

claim.  Plaintiff argues the credentials of Defendant, a certified registered nurse

practitioner.  This was considered by the court, along with the submissions by

Defendant, in deciding the motion for summary judgment.  This is not a proper basis

upon which to seek Rule 60(b) relief.  As such, his motion will be denied.  An

appropriate order follows.